JOHN J. JORDAN, ESQ. (State Bar No. 175678)
601 Montgomery Street, Suite 850
San Francisco, CA 94111
Tel:  (415) 391-4814
Fax: (415) 391-4308
jjordanesq@aol.com

Counsel for Defendant
JISBAR ARTEAGA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   CR-25-0395-AMO |
| Plaintiff, | |
| v. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| JISBAR ARTEAGA, | |
| Defendant. | Date:   June 8, 2026 |
| | Time:  2:30 P.M. |
| | HON. ARACELI MARTINEZ-OLGUIN |

## I.  INTRODUCTION

The defendant, Jisbar Arteaga, through counsel of record, John J. Jordan, hereby files this sentencing memorandum, to assist the Court at sentencing.

The defendant, a 37-year old Honduran native, comes before this Court after committing three serious drug offenses, involving possession with intent to distribute fentanyl and methamphetamine, which yield an estimated U.S.S.G. guideline range of 37-46 months.

However, in mitigation, he stands for sentencing after pleading guilty and accepting full responsibility for his actions.  Moreover, Arteaga committed these offenses while in the throes of an alcohol and drug addiction.  PSR ¶¶ 58, 92.  Further, as the Probation Officer noted, other mitigating factors present include "his disadvantaged background, lack of education, [and] inability to maintain lawful employment..."  PSR ¶ 92.

Arteaga Sent. Mem.                              1

The defendant recommends that the Court impose a variant sentence of 12 months and a day incarceration; 4 years supervised release; and a $300 penalty assessment. Having successfully qualified under the "Safety Valve" provisions of U.S.S.G. 5C1.2, the defendant should not be subject to the otherwise 60 month mandatory minimum for violations of counts two and three. The defendant submits that a below-Guidelines sentence is justified after a review of the factors enumerated in 18 U.S.C. § 3553(a).

## II. FACTUAL AND PROCEDURAL BACKGROUND

The PSR details the facts of the offenses, which involved multiple undercover purchases of narcotics from the defendant. PSR ¶¶ 6-17. On April 1, 2025; April 14, 2025; and June 9, 2025; the DEA conducted a series of undercover controlled narcotics purchases of fentanyl and methamphetamine from Arteaga in Oakland. PSR ¶¶ 9-16.

On July 31, 2025, the defendant was arrested and has been in continuous federal custody since that date. PSR page 2, also see PSR ¶ 5.

On July 29, 2025, Arteaga was charged in a three-count Criminal Complaint, charging Possession with Intent to Distribute and Distribution of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (count one), and two counts of Possession with Intent to Distribute and Distribution of 50 grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (Counts 2 and 3). PSR ¶ 1.

On November 17, 2025, the defendant was named in a three-count Information, charging Possession with Intent to Distribute and Distribution of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (count one), and two counts of Possession with Intent to Distribute and Distribution of 50 grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (Counts 2 and 3). PSR ¶ 2.

On March 2, 2026, the defendant, having waived his right to be prosecuted by indictment, pled guilty to counts 1, 2 and 3 of the information, pursuant to a written Rule 11(c)(1)(B) plea agreement with the government. PSR ¶¶ 3, 4.

Arteaga Sent. Mem.                                   2

### III.  GUIDELINES CALCULATION AND PROBATION'S RECOMMENDATION

The defendant has received and reviewed the final PSR, which is consistent with the plea agreement.  The defendant agrees with U.S. Probation that the Final Offense Level is 21, Criminal History Category I.  There are no outstanding defense objections to the final PSR.

For Final Offense Level 21 and Criminal History I, the sentencing range would normally be 37-41 months.  However, because of the 60-month mandatory minimum sentence for counts two and three, the actual sentencing range is 60 months.  PSR ¶ 69.  The parties are in agreement, however, that pursuant to U.S.S.G. § 2D1.1(b)(18), the defendant has met all the criteria under U.S.S.G. § 5C1.2 (Safety Valve), and thus may be sentenced without regard to the mandatory minimum sentence.  PSR ¶¶ 4, 25.

### IV.  DEFENDANT'S ARGUMENT AND SENTENCING RECOMMENDATION

**A.    Introduction**

The defendant asks this Court to impose concurrent sentences of 12 months and a day on all three counts, with 4 years supervised release to follow, and a $300 penalty assessment.

**B.    Applicable Law**

The Court is familiar that post *Booker*, a district court is "not mandated to sentence within an applicable Guideline range because the Sentencing Guidelines are advisory--not mandatory." *United States v. Mix*, 450 F.3d 375 (9th Cir. 2006), citing *United States v. Cantrell*, 433 F.3d 1269, 1279-81 (9th Cir. 2006) and *United States v. Booker*, 543 U.S. 220, 259-60 (2005). District courts must first consult the Sentencing Guidelines and take them into account when sentencing.  *United States v. Cantrell*, 433 F.3d at 1279, quoting *Booker*, 543 U.S. at 264.  The district court then applies the factors enumerated in 18 U.S.C. § 3553(a) in its sentencing decision.  *United States v. Cantrell*, 433 F.3d at 1279-80; see also *United States v. Ameline*, 409 F.3d 1073, 1085-86 (9th Cir. 2005) (en banc).

The relevant factors here include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed (A) to

Arteaga Sent. Mem.                    3

reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  18 U.S.C. § 3553(a)(1)-(2).

In addition, the Court should address the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

The Court has the responsibility to "impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment; to afford adequate deterrence; and to protect the public from further crimes of the defendant." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (internal quotation marks and citation omitted); see also 18 U.S.C. § 3553(a).

**1.    Nature of the Offense**

First, as to the nature of the offense, the defendant acknowledges that this is a very serious offense.  The total requested sentence of 12 months and a day, however, is a significant sentence, as the defendant has never been sentenced to federal prison before, and instead received only a 45-day sentence in his one prior criminal conviction.  PSR ¶ 36.  In addition, the conviction here entails a strong possibility of deportation back to Honduras.

Moreover, the defendant shows full responsibility here.  He pled guilty and fully admitted his guilt to both the Probation officer in the PSR interview and to this Court when he pled guilty. He waived his right to a prosecution by Grand Jury Indictment, and then completed the Safety Valve requirements.

**2.    History and Character of the Defendant**

Second, as to the history and character of the defendant, Arteaga admitted full

Arteaga Sent. Mem.                                    4

responsibility to the probation officer.  He was open and candid during his PSR interview with the probation officer.  Throughout the interview, the defendant discussed his childhood, his father's abuse, the threats of gang violence in Honduras, his travel to the United States, and his own use of alcohol and cocaine.

As the probation officer noted in a particularly detailed PSR, Arteaga endured a difficult upbringing.  PSR ¶¶ 49-50.  His father abandoned him and his siblings at an early age.  His basic material needs were not always met, he suffered physical and mental abuse.  Arteaga recalled his father "telling him that the defendant and his siblings were not his children."  PSR ¶ 50.  He started work at the age of 5 years old, hauling wood to make money for food.  PSR ¶ 49.

The defendant also reported the death of his sister Perla, who died of unknown causes when she was attempting to enter the United States at the age of 22 years old.  PSR ¶ 47.

The defendant met his partner, Blenda Larixsa, when he was approximately 21 years old.  PSR ¶ 53.  He has three children with her, the youngest, Justin, was born shortly after he traveled to the United States, and he informs counsel that he has never seen Justin in person.

Arteaga came to the United States in November 2017, to earn money to support his family.  PSR ¶ 48.  He struggled to find legal work, and falling into drug addiction, he eventually began using and selling drugs, leading to this case.  PSR ¶ 20.

On the positive side, Arteaga has the continued support of his family, his partner, their children, and his mother.  He has definite plans upon his return to Honduras, to work as a barber and make money to support his family, and be the father his own never was.

**3.      The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Afford Adequate Deterrence to Criminal Conduct, and Protect the Public from Further Crimes of the Defendant, as Well as Avoid Disparity**

As to the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant, the proposed sentence  is substantial.  It is longer that his only other sentence.  Any further sentence is not necessary to protect the public, as he is going to be deported to Honduras

Arteaga Sent. Mem.                                                  5

and work as a barber.

The proposed sentence, moreover, is not overly below the cited JSIN average length of 25 months for similar offenses.  PSR ¶ 87.  The defense submits little sense to further incarcerate Arteaga, at the estimated cost of $54,900 a year (PSR ¶ 79), when he is going to be deported anyway.  Instead, the defendant is ready now to return to his family.

**CONCLUSION**

The defendant asks this Court to sentence him on the 12 months and a day imprisonment, 4 years supervised release, and a $300 special assessment

The defendant requests that the Court recommend BOP placement close to the Bay Area, specially FCI Lompoc if he qualifies.

DATED: June 1, 2026.                    Respectfully submitted,


                                        */s/ John J. Jordan*
                                        JOHN J. JORDAN

Arteaga Sent. Mem.                          6