CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

EMILY R. DAHLKE (CABN 322196)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Emily.Dahlke@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JISBAR OSEIL ARTEAGA,<br><br>    Defendant. | ) Case No. 4:25-cr-00395-AMO<br>)<br>) **UNITED STATES' SENTENCING**<br>) **MEMORANDUM**<br>)<br>) Sentencing Date:  June 8, 2026<br>) Hearing Time: 2:00 p.m.<br>)<br>)<br>) Hon. Araceli Martínez-Olguín |

## I.    INTRODUCTION

Over the course of multiple undercover drug transactions, Jisbar Oseil Arteaga ("defendant") sold significant quantities of deadly fentanyl and methamphetamine to an undercover officer in Oakland. He did so despite suffering numerous drug trafficking arrests in the Bay Area as early as 2019. At the time he committed the instant offense, he was on pre-trial release from San Francisco Superior Court for a drug trafficking case. Defendant has engaged in dangerous conduct, has flouted the rule of law in this country and has shown a pattern of engaging in drug trafficking dating back 7 years. A meaningful period of incarceration is necessary to reflect the seriousness of the offense, promote respect for the law, afford deterrence and protect the public. At the same time, the government recognizes the mitigation presented by defendant and takes that into account in crafting it's sentencing recommendation.

Accordingly, the United States joins the recommendation of United States Probation and submits that a sentence of 37-months imprisonment followed by 4 years of supervised release is sufficient but not greater than necessary to achieve the sentencing aims of 3553(a).

**II.      PROCEDURAL HISTORY**

On July 29, 2025, a criminal complaint was filed charging defendant with one count of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)((C) – Possession with Intent to Distribute Fentanyl and two counts of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) –Possession with Intent to Distribute 50 Grams or More of a Mixture and Substance Containing Methamphetamine. PSR ¶ 1. On November 17, 2025, an information was filed, charging Defendant with the same count as alleged in the complaint. PSR ¶ 2. On March 2, 2026, the Defendant pled guilty to Counts One, Two and Three in the information. PSR ¶ 3. Sentencing is set for June 8, 2026.

**III.     FACTUAL OVERVIEW**

Defendant was the user of a phone number ending in 1516 ("number"). In March of 2025, an undercover agent ("UC") with the Drug Enforcement Administration ("DEA") contacted the number and requested to purchase fentanyl. PSR ¶ 8. Defendant agreed to sell the UC fentanyl. *Id*. On March 31, 2025, Defendant met with the UC in Oakland and sold the UC 27.7 grams of fentanyl in exchange for $700. PSR ¶ 8, 9.  Defendant, believing he had a new customer, continued to sell the UC dangerous and deadly drugs, selling the UC large quantities of methamphetamine on April 14, 2025 and June 9, 2025, PSR ¶ ¶ 8-17. Defendant also agreed to sell methamphetamine to the UC's friend, who, unbeknownst to defendant, was also an undercover special agent.

**IV.     SENTENCING GUIDELINES CALCULATION**

The government agrees with PSR's calculation of the Defendant's sentencing guidelines. His base offense level is 26 pursuant to U.S.S.G. § 2D1.1(c)(7), a reduction of 3 points for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and another 2 level reduction pursuant to USSG §§4C1.1(a) and (b) for a total adjusted offense level of 21. With a CHC of I and a total offense level of 21, his guidelines range is 37-46 months.

//

//

UNITED STATES' SENTENCING MEMORANDUM    2
4:25-cr-00395-AMO

## V.    APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the Defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence to protect the public from future crimes of the defendant;

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense.

## VI.    RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully joins the sentencing recommendation of the probation office and recommends a custodial sentence of 37-months imprisonment, followed by 4-years of supervised release. The government submits that a 37-month term of imprisonment, which is the low-end of the guidelines range, is the just and appropriate sentence under the circumstances. The defendant's recommended sentence of 12-months and one day (which would be at or around time-served in this case) does not achieve the sentencing goals of 3553(a).

Over a period of several months, Defendant repeatedly distributed significant quantities of deadly drugs, namely fentanyl and methamphetamine. Based on his text messages with the UC, he

UNITED STATES' SENTENCING MEMORANDUM    3
4:25-cr-00395-AMO

exercised great care and concern to avoid detection, refusing to sell drugs in San Francisco. This was a prudent choice given that at the time he was selling drugs, he had an active drug trafficking case in San Francisco, had failed to appear for court and had an active warrant for his arrest. Defendant was easily able to procure significant quantities of drugs on short notice and appeared to have at least two other individuals working for him as couriers. PSR ¶ 17. Defendant was a critical link in the chain of deadly poison reaching the streets of Oakland, which is suffering from a major drug crisis.[1] Sadly, the "work" of the Defendant and other drug traffickers like him, leads to the destruction of lives and communities.[2]

### a.  The Nature and Circumstances of the Offense Warrant a 37-Month Sentence

As described above, Defendant's behavior creates an enormous public safety risk. He repeatedly sold significant quantities of drugs to a UC. His arrest history also strongly indicates that drug trafficking in the Bay Area is not a new profession for defendant. He has repeatedly been arrested by San Francisco Police Department for selling drugs in the Bay Area, and in 2019, he was arrested four times in less than seven months for narcotic sales-related offenses. PSR ¶ 7.  Additionally, he is illegally in the United States. PSR ¶ 45. A low-end guidelines sentence of 37-months is necessary, in this case, for this defendant.

### b.  A 37-Month Sentence Reflects the Seriousness of the Offense, Provides Just Punishment and Adequate Deterrence

A 37-month sentence reflects the seriousness of the offense, promotes respect for the law, and provides both general and specific deterrence. Not only would a 37-month sentence provide specific deterrence to defendant, but it will also provide general deterrence to others who already are, or are considering, selling fentanyl or methamphetamine in the streets of Oakland. (*United States v. Hutson*, 183 F. App'x 675, 676 (9th Cir. 2006) "(general deterrence is a permissible sentencing consideration"). The defendant, like other drug dealers in Oakland, must be confronted with the reality of a significant consequence for selling deadly drugs. Without a clear and substantial deterrent, those who traffic in dangerous substances like fentanyl will continue to perpetuate the devastating overdose crisis in the

---

[1] https://www.sfchronicle.com/eastbay/article/drug-overdose-oakland-san-francisco-21102561.php

[2] https://oaklandside.org/2023/02/16/oakland-methamphetamine-crisis-growing-alarming-rate-treatment-addiction-part-1/

community. A 37-month sentence is sufficient, but not greater than necessary, to achieve the sentencing factors outlined in 18 U.S.C. § 3553(a).

## VII.   CONCLUSION

For the foregoing reasons, the United States respectfully recommends the Court impose a sentence of 37-months imprisonment, followed by four-years of supervised release.

DATED: June 1, 2026                                    Respectfully submitted,

                                                       CRAIG H. MISSAKIAN
                                                       United States Attorney


                                                       */s/ Emily R. Dahlke*
                                                       EMILY R. DAHLKE
                                                       Assistant United States Attorney